

### NAILAH K. BYRD
### CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**July 17, 2019 19:20**

By: ROBERT C. BROOKS, II 0040881

Confirmation Nbr. 1764989

JOI RUMPH

    vs.

CITY OF CLEVELAND, ET AL

CV 19 918380

**Judge:**  DEENA R. CALABRESE

**Pages Filed:**  18



THE OHIO LEGAL BLANK CO., INC.

EXHIBIT

A

CLEVELAND . OHIO  44102-1799

IN THE COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JOI RUMPH<br>243 Bexley Drive<br>Bedford, Ohio 44146 | ) ) ) ) | CASE NO. |
|     Plaintiff | ) ) | JUDGE |
|     -vs- | ) ) | |
| CITY OF CLEVELAND, OHIO<br>CLEVELAND CITY HALL<br>601 Lakeside Avenue<br>Cleveland, Ohio 44114 | ) ) ) ) ) | )    **C O M P L A I N T**<br><br>**JURY TRIAL REQUESTED HEREIN** |
|     and | ) ) | |
| AVIS BUDGET CAR RENTAL, LLC<br>CORPORATIONS SERVICE COMPANY<br>50 West Broad Street, Suite 1330<br>Columbus, Ohio 43215 | ) ) ) ) | |
|     and | ) ) | |
| BUDGET CAR RENTAL<br>19601 Maplewood Avenue<br>Cleveland, Ohio 44135 | ) ) ) ) | |
|     and | ) ) | |
| JOHN DOE<br>in his individual and personal | ) ) | |

1

Electronically Filed 07/17/2019 19:20 / / CV 19 918380 / Confirmation Nbr. 1764989 / CLDLJ

capacity and in his capacity as )
employee for the CITY OF CLEVELAND )
CLEVELAND CITY HALL )
601 Lakeside Avenue )
Cleveland, Ohio 44114 )
)
    and )
)
JOHN DOE 2 )
in his individual and personal )
capacity and in his capacity as )
employee of BUDGET CAR RENTAL )
or AVIS BUDGER CAR RENTAL, LLC. )
19601 Maplewood Avenue )
Cleveland, Ohio 44135 )
)
              Defendants. )

### NATURE OF THE ACTION

1.      This is a civil rights action brought under 42 U.S.C. §§ 1983, 1985(3) and 1986. This action is also brought under 29 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) and O.R.C. § 4112.  Plaintiff further asserts state law breach of contract, promissory estoppel, defamation and intentional infliction of emotional distress claims.

2.      While the individual Defendants were acting within the scope of their employment and under the color of state law, they unlawfully discriminated against Plaintiff resulting in the denial of his rights and benefits of his employment based upon his race and gender and the creation of a hostile work place.

### JURISDICTION AND VENUE

3.      Jurisdiction is conferred on this Court.

4.      This Court has personal jurisdiction over Defendants and venue is conferred on this Court because the facts giving rise to Plaintiff's claims took place within the jurisdiction of the Court.

2

## PARTIES

5.     JOI RUMPH is an African-American female citizen of the United States and a resident of the city of Cleveland, Cuyahoga County, State of Ohio. Joi Rumph (hereinafter referred to as "Joi"), Defendant, is a 23-year-old woman. Joi has never been arrested or convicted of a felony offense. Joi is employed as a flight attendant for PSA Airlines, Inc. (hereinafter referred to as "PSA"). Her crew base airport is at the Charlotte, North Carolina Airport. PSA Airlines has a corporate headquarters in Vandalia, Ohio near Dayton. She has been employed with PSA since December 4, 2015.

6.     PSA is  an American regional   airline headquartered   at Dayton   International Airport, that flies under the American Eagle brand for American Airlines. PSA is  a  wholly owned  subsidiary of American  Airlines  Group.  PSA  has  crew  bases  in Washington, D.C.; Knoxville, Tennessee; Charlotte, North Carolina; Cincinnati, Ohio; and Dayton, Ohio. It has  maintenance  bases  in Charlotte,  North  Carolina; Cincinnati, Ohio; Dayton,  Ohio and  at the Akron–Canton Airport in Green, Ohio. As of October 2013, PSA Airlines employed 1,080 people. The airline operates 569 daily flights in 68 cities as American Eagle for American Airlines.

7.     Although her crew base airport is in Charlotte, Joi still resides in her hometown of Cleveland and flies to Charlotte prior to each of her shifts. Joi works on average 20 to 22 days per month and she must receive 8 days off per month. Her workdays may last up to a maximum of 15 hours.

8.     As a flight attendant, Joi has work restrictions, policies and procedures, and work conditions that are strictly enforced by her employer. She is randomly drug tested for both drugs and alcohol by her employer. She cannot consume alcohol within 12 hours of a flight. A positive

3

test for illegal drugs or alcohol will result in automatic termination of her employment.

9.      On or about April 25, 2016 Joi was attempting to fly to Cincinnati for work purposes, however, due conditions beyond her control she could not fly out of Cleveland. She instead attempted to then rent a car and drive to Cincinnati.

10.     She initially went to Budget Rent A Car to rent a car and the attendant swiped her credit card. After discussing the price she decided to cancel the rental and she went to Alamo Rental and rented a Car from Alamo because the Alamo cost was much lower. (See attached). She then left the airport rental location in a Dodge Charger that she had rented from Alamo. She at no time left in a Budget vehicle and she believed that her Budget rental had been cancelled.

11.     Thereafter, her PNC Credit Card Statement shows a payment to Budget-Rent-A-Car Cleveland, Ohio in an amount in excess of Two Thousand Four Hundred and 43 Dollars ($2443.00) [the cents amount is not legible] dated April 26, 2017. She did not notice this charge until after she was arrested for theft of a Budget vehicle and requested her statement from the bank.

12.     And, she also has a receipt from Alamo Rental Location Cleveland International Airport showing the rental and return on May 3, 2017 by Defendant of a Dodge Charger. The Charger was rented on the same date, April 25, 2017, that she allegedly rented a car from Budget.

13.     On or about April 26 through April 29, 2017 Joi went to Cabo San Lucas, Mexico for a birthday celebration vacation. This was her first international trip abroad. Her return trip itinerary to Cleveland started with a flight to Chicago and then Cleveland. Her warrant allegedly stealing a Budget rental car in Case No.CR-16-608130-A (hereinafter referred to as 'the case') was discovered by customs in Chicago. She was arrested in Chicago and held until Judge John

4

Russo vacated her capias and she voluntarily returned to Cleveland and appeared at arraignment.

14.     Prior to her arrest in Chicago, Joi was totally unaware of her indictment or warrant because her original Summons was sent to her old address and she never received the Summons. (The Court's Docket in Case No. CR-16-608130-A confirms that she did not receive the indictment). The docket reads in part as follows:

> FX Receipt No. 29912819 Returned 8/17/2016 Failure Of Service On Party Rumph/Joi/ - Bad Address

15.     The bad address was 450 Turney Road, Bedford, Ohio 44146. Joi moved from that address over 7 years ago. Her correct address is 243 Bexley Drive, Bedford, Ohio 44146. Had Joi received service of the Summons and Indictment she would have appeared just as she did when she became aware of this case. The weight of the evidence is not against Joi. Instead, this situation seems to be some type of error on the part of Budget. Frankly, if these charges are true, Joi stole a car from Budget and then rented a car from Alamo. She then drove both cars from the airport and only returned the Alamo vehicle. And, Budget was paid an amount in excess of Two Thousand Four Hundred and 43 Dollars ($2443.00) [the cents amount is not legible] dated April 26, 2017 from Joi's PNC credit card account. Joi used her own identity when at the rental car locations. She did not conceal who she was in any manner, shape or form. She has no convictions, she appeared in court once she became aware of the indictment and voluntarily returned to Cleveland from Chicago in order to be arraigned.

16.     Joi was suspended from her employment due to the charges in the criminal case. However, she had a meeting scheduled with her employer in Charlotte, North Carolina on May 16, 2017 for the purpose of discussing her employment. At that meeting, Joi was to either have her suspension continued, be terminated or be reinstated. She was reinstated.

5

17.     Defendant, CITY OF CLEVELAND (hereinafter referred to as "CLEVELAND") is at all relevant times to this action a political subdivision of the State of Ohio pursuant to the laws of the State of Ohio and as such a governmental unit that provides public and governmental benefits, uses, purposes and services to and for the benefit of the citizens of the State of Ohio. And, CLEVELAND is engaged in an industry affecting commerce that has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person

18.     Defendant, AVIS BUDGET CAR RENTAL, LLC  (hereinafter referred to as "BUDGET"), is at all relevant times to this action a car rental corporation that has a location that rents car at the Cleveland Hopkins Airport (CLE).

19.     Defendants, JOHN DOE'S were at all relevant times to this action employees, agents and/or servants of CLEVELAND in the CLEVELAND POLICE DEPARTMENT and BUDGET who at all relevant times to this action either commenced, managed or supervised the investigation into, arrest and indictment of Joi and the allegedly stolen Budget car rental within the scope of their employment with Defendants.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

20.     Plaintiff brings this action for damages to compensate her for personal injuries, economic loss and other damages including punitive damages, caused by Defendants' unlawful practices and conduct committed against her in whole or in part because Plaintiff, JOI RUMPH, is an African American female.

21.     At all times herein relevant, all of the individual Defendants acting within the scope of their employment and/or fiduciary duties as employees, agents, servants and/or assigns of CLEVELAND and BUDGET, or they were acting outside the scope of their employment in

6

willful, wanton or reckless manner, whichever being respectively applicable, and, as such CLEVELAND and BUDGET are liable for failing to properly supervise, train and oversee their conduct.

22.    If within the scope of employment then Defendants, CLEVELAND and BUDGET, are liable for any and all actions, conduct and behavior of their employees, agents, servants and/or assigns pursuant to vicarious liability or respondeat superior at both common law and pursuant to the applicable statutory framework and provisions; in the alternative, if not within the scope of employment then such Defendants are individually liable and CLEVELAND is also liable because they had knowledge of the conduct and did not take steps to stop or prevent such conduct.

23.    This action is brought to redress discrimination in the unequal treatment of Plaintiff an African American female and to redress discrimination in the making, performance, modification and enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship in violation of Ohio Revised Code 4112 et sec, as well as the common law.

24.    Plaintiff brings this action for damages to compensate her for the economic loss and other damages caused by Defendants' unlawful law enforcement practices committed against Plaintiff because Plaintiff is African American and a female, thus this case is premised upon race and gender discrimination.

## COUNT I

25.    The Plaintiff reasserts the foregoing allegations in paragraphs 1-24 and incorporates them by reference as if fully set forth herein.

26.    Due to Defendants wrongful law enforcement practices, Plaintiff was harassed, humiliated, indicted, arrested and denied her freedom, wages and benefits while other non

7

female, non African American people were not.

27.   Defendants acted in a willful and wanton manner in discriminating against Plaintiff and Defendants took no steps to correct these practices even though they were brought to the attention of officials.  These acts were because of Plaintiff's race and gender in violation of State and Federal law, as well as the common law.

28.  As a proximate result of Defendants' severe and intentional acts of discrimination, Plaintiff suffered severe emotional distress, psychological damage, and the deprivation of his statutory and constitutional rights.

COUNT II

29.   Plaintiff incorporates all of the allegations contained in paragraphs 1-28 and states further:

30.   Defendants denied Plaintiff, a citizen of the United States, his rights, privileges, or immunities under the color of regulations, customs, or usages, of CLEVELAND, a political subdivision of the State of Ohio and subjected her to the deprivation of her rights, privileges, or immunities secured by the Constitution and laws, including but not limited to her constitutional rights to substantive due process and equal protection. Defendants are liable to Plaintiff in an action at law, suit in equity, or other proper proceeding for redress in an unknown amount to be determined at trial.

31.   Defendant's intentional, willful, and wanton acts were discriminatory and also violate Ohio Rev. Code Sections 4112.02(A) through 4112.99.

32.  Defendants acted with malice and ill will toward Plaintiff without regard for her legal rights and otherwise discriminating against her because of her race and gender.

33.  As a direct and proximate result of Defendant's actions as set forth above, Plaintiff

8

has suffered loss of compensation, loss of fringe benefits, loss of the opportunity to be able to continue the gainful employ in which she had been engaged loss of future earnings and loss of reputation, humiliation, embarrassment, loss of self esteem, adverse health effects and loss of time and money endeavoring to protect herself form Defendant's unlawful discrimination, including costs and reasonable attorneys fees in amounts to be proven in trial.

## COUNT III

34.     Plaintiff incorporates all of the allegations contained in paragraphs 1-33 and states further:

35.     In an attempt to justify the discrimination, Defendants had several meetings in which facts of this case where fraudulently discussed, planned and subsequently presented to a grand jury that ultimately indicted Plaintiff in the Case. These justifications were defamatory and libelous statements designed to impugn Plaintiffs good name and reputation and this conduct was done wantonly and with malice.

36.     Defendants engaged in the herein described conduct willfully, maliciously, outrageously, deliberately, purposely, recklessly and with the intent to cause Plaintiff severe and extreme emotional distress.

37.     As a direct and proximate result of Defendants' conduct, Plaintiff incurred and continues to incur severe, extreme and grievous mental and emotional suffering, nervousness and anxiety, and such conduct violated common law.

## COUNT iV

38.     Plaintiff incorporates all of the allegations contained in paragraphs 1-37 and further states:

39.     As a direct and proximate result of Defendants' conduct, Plaintiff incurred and

9

continues to incur severe, extreme and grievous mental and emotional suffering, nervousness and anxiety which was or should have been reasonably foreseeable by the Defendants, and such negligent conduct violated common law.

## COUNT V

40.    Plaintiff incorporates all of the allegations contained in paragraphs 1-39 and further states:

41.    The treatment of Plaintiff by Defendants was in violation of express and implied contracts of employment, the breach of which constitute violations of common law.

42.    By reason of this breach of express and implied contracts Plaintiff has suffered injury and damage, both economic and personal and also pain and suffering entitling her to compensatory and punitive damages from the Defendants in amounts to be prove at trial.

## COUNT VI

43.    Plaintiff incorporates all of the allegations contained in paragraphs 1-42 and further states:

44.    Defendants failed to operate with good faith and did induce Plaintiff to continue contracting with Defendants to her detriment in violation of common law.

45.    Defendants fraudulently induced Plaintiff to pay for the car rental that never took place despite the fact that Defendant knew of the conditions that existed within the defendant in violation of common law.

46.    And, Defendants still prosecuted Plaintiff despite being compensated for a car rental that never took place

## COUNT VII

47.    Plaintiff incorporates all of the allegations contained in paragraphs 1-46 and states

10

further:

48.    Defendants' actions in publicly making or publishing false statements about Plaintiff have impugned her good name and reputation.

49.    These false statements were made to support the Defendants' actions to unlawfully discriminate against Plaintiff.

50.    As a direct and proximate result of Defendants' actions and inactions, Plaintiff has suffered, and will continue to suffer, loss of wages and benefits, emotional distress and embarrassment, and loss of reputation in amounts to be proven in trial.

## COUNT VIII

51.    Plaintiff incorporates all of the allegations contained in paragraphs 1–49 and states further:

52.    Defendants' intentional actions in publicly making or publishing false statements about Plaintiff were intended to impugn her good name and reputation for the purpose of having her employer terminate her employment or uphold the discriminatory acts that had been perpetrated against her.

53.    The Plaintiff is not a public figure.

54.    Defendants, when they made the false statements, had no qualified privilege protecting these statements.

55.    Defendants made these false statements deliberately and maliciously or with reckless and wanton indifference to the truth that have damaged Plaintiff's professional reputation and her standing in the community.

56.    As a direct and proximate result of Defendant's actions and inactions, Plaintiff has suffered, and will continue to suffer, loss of wages and benefits, emotional distress and

11

embarrassment and loss of reputation in amounts to be proven in trial.

COUNT IX

57.     Plaintiff incorporates all of the allegations contained in paragraphs 1-56 and states

further:

58.     During the time that Plaintiff allegedly stole the Budget car rental agents of both

Defendants met in private, secret sessions and discussed ways of harassing, arresting and

indicting Plaintiff. At these meetings, communications, phone calls, text messages and

face-to-face encounters Defendants or their agents and assigns conspired in order to further

harass and discriminate against Plaintiff and deny to her civil rights.  The result those meetings

and communications was the indictment of Plaintiff for fictitious and false reasons.

59.     Consequently, the Defendants engaged in a conspiracy for the purpose of

depriving, either directly or indirectly, Plaintiff of the equal protection of the laws, or of equal

privileges or immunities of the laws; and performed acts in furtherance of the conspiracy; and,

Plaintiff was injured in her person or property or deprived of rights or privileges of a citizen of

the United States.

60.     And, if some of the Defendants did not specifically engage in the conspiracy

against Plaintiff they nonetheless had knowledge of the conspiracy and they, while acting with

reasonable diligence, had the power to prevent or aid in preventing the commission of acts under

the conspiracy, but neglected or refused to so do.  Defendants engaged in this conduct because of

Plaintiff's race and gender.

COUNT XI

61.     Plaintiff realleges and incorporates all of the allegations contained in paragraphs

1-62 and further states as follows:

12

63.     Plaintiff was fraudulently induced by Defendants' to enter into the subject Contract and as such, Plaintiff relied to her detriment in doing so based on Defendants assurances and promises as same are contained in the subject Contract and for which Defendants had no intention of satisfying and or strictly adhering to at the time of their acceptance of same.

64.     Defendants inducements consisted of assurances and promises made by Defendants their agents, servants and or employees, that they would at all times act and conduct themselves in good faith pursuant to the terms and conditions of the subject Contract and whereas Plaintiff has in fact conducted themselves in good faith, but, Defendants have engaged in a course of conduct in which they entered into the Contract with the now apparent and malicious intent to cause Plaintiff to terminate the contract with Defendants full knowledge that they had no intention of terminating the contract correctly.

65.     That this fraud on the part of Defendants in the form of their failure to fully and fairly disclose their true intent through the use of misrepresentations as contained in the terms and conditions of the Contract was punitive in nature and without legal basis and has resulted in substantial harm and damage to Plaintiff and as such Defendants has breached both the implied and oral contracts and agreements between the parties.

66.     As a result of Defendants actions, including fraud, bad faith, misrepresentation and unfair dealing, Plaintiff has been damaged in a sum of unspecified and unknown amount and Plaintiff seeks punitive and compensatory damages to be determined at trial by the trier of fact and law.

### COUNT XII

67.     Plaintiff realleges and incorporates all the allegations contained in paragraphs 1-66 and further states as follows:

13

68.     Defendant's statements, actions and conduct constituted a breach of contract and were acts in bad faith.

69.     At the time that Defendants entered into the Contract with Plaintiff Defendants knew that they had no intention of fully performing said contract, and thereby committed fraud upon Plaintiff.

70.     As a proximate result of Defendant's fraud, bad faith and unfair dealing Plaintiff has been damaged in the sum in excess of Twenty-Five Thousand Dollars ($25,000).

## COUNT XIII

70.     Plaintiff realleges and incorporates all allegations contained in paragraphs 1-70 and further states as follows:

71.     The acts of breach of contract and Defendants other actions and conduct as well as the breach of Plaintiff's right to quiet enjoyment of her money were done willfully, maliciously, outrageously, deliberately and purposefully with the intention to inflict emotional distress and or harm upon Plaintiff and or were done in reckless disregard of the probability of causing Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

72.     As a direct and proximate result of the Defendant's acts as alleged herein, Plaintiff was caused to incur severe and grievous mental and emotional suffering, fright, anguish, shock, nervousness, anxiety and Plaintiff continues to be fearful, anxious, and nervous, therefore, for this harm, Plaintiff requests compensatory damages in the sum in excess of $25,000.00.

## COUNT XIV

73.     Plaintiffs re-allege and incorporate all of the allegations contained in the Complaint and further states as follows:

14

74.     Defendants were enriched by the money paid by Plaintiff for a car that she never rented.

75.     Defendants never paid back that money to PLAINTIFF.

76.     Defendants have refused to pay several invoices incurred despite the fact that Defendants have received value from PLAINTIFF.

77.     Defendants were enriched by the PLAINTIFF and received a benefit.

78.     The enrichment of Defendants was at the expense of PLAINTIFFS and the circumstances were such that in equity and good conscience restitution should be made.

79.     Defendants know that it has received or was conferred a benefit conferred.

80.     The benefit that PLAINTIFF provided to Defendants is something for which compensation is reasonably expected.

### COUNT XV

81.     Plaintiff re-alleges and incorporates all of the allegations contained in the Complaint and further states as follows:

82.     Plaintiff bring this action for damages to compensate them for injuries, economic loss and other damages including punitive damages, caused by Defendants' unlawful practices and conduct.

83.     At all times herein relevant, all of the individual Defendants acting within the scope of their employment and/or fiduciary duties as employees, agents, servants and/or assigns of Defendants, or they were acting outside the scope of their employment in a willful, wanton or reckless manner, whichever being respectively applicable, and, as such Defendants are liable for failing to properly supervise, train and oversee their conduct.

15

84. If within the scope of employment then Defendants are liable for any and all actions, conduct and behavior of their employees, agents, servants and/or assigns pursuant to vicarious liability or respondeat superior at both common law and pursuant to the applicable statutory framework and provisions; in the alternative, if not within the scope of employment then such Defendants are individually liable and Defendants are also liable because they had knowledge of the conduct and did not take steps to stop or prevent such conduct.

## COUNT XVI

85. Plaintiff re-alleges and incorporates all of the allegations contained in the Complaint and further states as follows:

86. Defendants made false representations to Plaintiff.

87. The misrepresentations were material to the transaction.

88. The misrepresentations were made with knowledge that they were false, or with reckless disregard as to whether or not it was true.

89. The misrepresentations were made with the intention of inducing the Plaintiff to act or to refrain from acting.

90. Plaintiff relied upon the misrepresentations to their detriment.

96. As a proximate and direct result of the misrepresentations of Defendants or their agents, servants and/or assigns, Plaintiff was caused to suffered damages and loss of profits from which they may never fully recover in amounts to be proven in trial.

97. As such Plaintiff is entitled to punitive damages.

## COUNT XVII

98. Plaintiff re-alleges and incorporates all of the allegations contained in the Complaint and further states as follows:

16

99.     Defendants intentionally and maliciously instituted and pursued a criminal action against Plaintiff without probable cause that was dismissed in favor of Plaintiff.

100.    As a proximate and direct result of the misrepresentations of Defendants or their agents, servants and/or assigns, Plaintiffs were caused to suffered damages and loss of profits from which they may never fully recover in amounts to be proven in trial.

101.    As such Plaintiffs are entitled to compensatory and punitive damages.

### COUNT XVIII

102.    Plaintiff re-alleges and incorporates all of the allegations contained in the Complaint and further states as follows:

103.    When causing the indictment of Plaintiff the Defendants had the existence of an ulterior purpose or motive underlying the use of process and some act in the use of legal process was not proper in the regular prosecution of the proceedings thus resulting in an abuse of process.

### COUNT XIX

104.    Plaintiff re-alleges and incorporates all of the allegations contained in the Complaint and further states as follows:

105.    Defendants falsely accused Plaintiff of a crime and Plaintiff was arrested, held in custody in a Chicago jail and indicted.

106.    The charges were without probable cause.

107.    As a proximate and direct result of the misrepresentations of Defendants or their agents, servants and/or assigns, Plaintiffs were caused to suffered damages and loss of profits from which they may never fully recover in amounts to be proven in trial.

108.    As such Plaintiffs are entitled to compensatory and punitive damages.

17

**WHEREFORE**, Plaintiffs seeks:

(a)     Compensatory and punitive damages from all Defendants in an amount to be proven at trial in excess of 5 million dollars;

(b)     Permanent injunctive and declaratory relief to prevent further harm to Plaintiff;

(c)     Reasonable attorney's fees;

(d)     All costs and expenses of this action; and

(e)     Any other equitable relief that the Court deems appropriate.


Respectfully Submitted,

/S/Robert C. Brooks II

_____

Robert C. Brooks II, Sup. Ct. Reg. #0040881
1893 East 82nd Street
Cleveland, Ohio 44103
(216) 401-3869
(855) 218-8199 Fax
RBrooksii2000@gmail.com

**ATTORNEY FOR PLAINTIFF**


**JURY DEMAND**

Plaintiffs request a trial by jury pursuant to Federal Rules of Civil Procedure.

/S/Robert C. Brooks II

_____

Robert C. Brooks II
Attorney for Plaintiff

18